# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THOMAS L. MASARIK,

        Petitioner,                       Case Number: 2:08-CV-12218

v.                                                    HONORABLE. PAUL D. BORMAN

GOVERNOR OF MICHIGAN, ET AL.,

        Respondents.
_____/

## ORDER OF SUMMARY DISMISSAL

### I.

Petitioner Thomas L. Masarik is a state inmate currently incarcerated at the Parr Highway Correctional Facility in Adrian, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254, claiming that he is incarcerated in violation of his constitutional rights.

Petitioner states that he is serving a term of 20 to 180 months imprisonment for a third-degree sexual conduct conviction rendered in Hillsdale County, Michigan. The sentence was imposed on January 31, 2005. In his habeas petition, Petitioner challenges the Michigan Parole Board's failure to release him on parole on the ground that the 1992 amendments to parole laws violated the *Ex Post Facto* Clause and the Michigan Constitution.

### II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that

the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be denied.

**B.**

Petitioner challenges Revised Parole Bill (House and Senate Bill 4130, P.A. 181), which became effective on September 22, 1992. Petitioner argues that these 1992 amendments violate several provisions of the Michigan Constitution, as well as the *Ex Post Facto* Clause of the United States Constitution.

Petitioner has no constitutional or inherent right to be released on parole. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). In addition, the *Ex Post Facto* Clause of the Constitution forbids the government from passing any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (internal quotation omitted). The Clause is intended to provide fair warning about new punishments and to discourage arbitrary and oppressive legislation. *Id.* at 28. "To fall within the *ex post facto* prohibition, two elements must be present: (1) the law must apply to events occurring before its enactment, and (2) it must disadvantage the offender affected by it." *United States v. Reese*, 71 F.3d 582, 585 (6th Cir. 1995), *cert. denied*, 518 U.S. 1007 (1996). In this case, Petitioner's crime occurred, and he was convicted and sentence after the challenged

amendments were enacted. Therefore, he cannot establish an *ex post facto* violation.[1]

Petitioner also argues that the 1992 parole amendments violate several provisions of the Michigan Constitution. This fails to state a cognizable federal habeas claim. In order to demonstrate that he is entitled to habeas corpus relief, Petitioner must show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Accordingly, Petitioner is not entitled to relief on his claims concerning perceived violations of the Michigan Constitution, or any other state laws.

### III.

For the reasons stated, Petitioner has failed to show that he is incarcerated in violation of the Constitution or laws of the United States. Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 30, 2008

---

[1] Another judge in this district recently addressed the 1992 amendments to Michigan's parole scheme and found that they violate the *Ex Post Facto* Clause. *Foster Bey v. Rubitschun*, No. 05-71318 (E.D. Mich. Oct. 23, 2007) (Battani, J.). In that case, Judge Battani found the *ex post facto* violation with regard to prisoners sentenced to "parolable" life terms based on the combined effect of several statutory amendments. *Foster Bey* does not support Petitioner's claim. *Foster Bey* is a class action which applies specifically to inmates serving parolable life sentences who committed crimes prior to October 1, 1992. Petitioner, by contrast, is serving an indeterminate sentence for a crime committed well after 1992.

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 30, 2008.

                                                      s/Denise Goodine
                                                      Case Manager